UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Travis J. Wright, ) | Case No. 2:23-cv-05913-JFA-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Director Ray; Capt. Sweat; Lt. Gaymon; ) | |
| Lt. Benjamin; Major Lumpkin; ) | |
| Nurse Fortaye; Sgt. Bowman; ) | |
| Sgt. Behunuak; Sgt. Moore; Ofc. Howell; ) | |
| Ofc. Greg Wright; Ofc. Johnson; ) | |
| and Medical Staff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Travis J. Wright ("Plaintiff"), a state detainee proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983 based on a series of purported constitutional violations stemming from his ongoing confinement at Sumter Lee Regional Detention Center ("SLRDC"). (Dkt. Nos. 1, 12.). Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. While the undersigned has authorized service of process with respect to most of Plaintiff's claims in this action (Dkt. No. 14), Plaintiff's allegations against the SLRDC "Medical Staff" must be summarily dismissed for the reasons discussed in greater detail below.

**BACKGROUND**

Most relevant to this Report and Recommendation, Plaintiff alleges that he has been, and continues to be, denied a modified meal menu to accommodate his diverticulitis and high blood pressure; consequently, Plaintiff has been forced to consume foods that exacerbate his medical

conditions and, on occasion, skip certain meals altogether. (Dkt. No. 1 at 7–10, 19, 22.) Plaintiff claims that he sought assistance from SLRDC's medical staff, but they informed him that they have no control over the facility's kitchen menu. (Dkt. No. 1 at 7.) Plaintiff also seems to suggest that while the medical staff assured him that they would monitor his blood pressure "regularly," they have failed to do so. (*Id.*)

Upon reviewing the initial filings in this case, the undersigned issued an order notifying Plaintiff that some of his claims were subject to summary dismissal for failure to state a claim upon which relief may be granted. (Dkt. No. 6 at 1–5.) In light of Plaintiff's *pro se* status, however, the undersigned gave him an opportunity to file an amended complaint that cured the pleading deficiencies described in the order. (*Id.* at 5.) After receiving an extension, Plaintiff complied with the undersigned's instructions and filed an Amended Complaint, which is now before the Court on initial review. (Dkt. No. 12.) Notably, Plaintiff's allegations against the SLRDC "Medical Staff" remain the same. (*Id.* at 21–22.)

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint[1] pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] In keeping with the undersigned's most recent order (Dkt. No. 14), any further references to the "Complaint" herein encompass both the original pleading (Dkt. No. 1) and the amended pleading (Dkt. No. 12).

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially

3

meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, to state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

At issue here, Plaintiff seems to name "Medical Staff" as a defendant in this action. (Dkt. No. 1 at 1, 3; Dkt. No. 12 at 1, 21; *see also* Dkt. No. 13 at 24, 29.) However, vague groups of

unidentified individuals do not constitute "persons" for purposes of § 1983. *See Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required under § 1983); *Hayes v. Florence Cnty. Det. Ctr. Pers.*, No. 1:21-cv-1549-JFA-SVH, 2021 WL 2227991, at *2 (D.S.C. June 2, 2021) (same); *see also Lamb v. Does*, No. 8:09-cv-322-CMC-BHH, 2009 WL 982586, at *2 (D.S.C. Apr. 9, 2009) (explaining, from a practical standpoint, that "staff" cannot be served until "specifically identified" in the complaint). Additionally, as the undersigned previously warned Plaintiff (Dkt. No. 6 at 6 n.5), lumping defendants together in "broad-brush allegations," as he has done with the medical staff here, does not provide a sufficient factual basis to establish how each official personally deprived the plaintiff of a constitutional right. *See Allen v. City of Graham*, No. 1:20-cv-997, 2021 WL 2037983, at *2, 5 (M.D.N.C. May 21, 2021); *Spivey v. Breckon*, No. 7:20-cv-400-MFU-JCH, 2022 WL 2317448, at *3 (W.D. Va. June 28, 2022). Thus, Plaintiff cannot bring an actionable claim against SLRDC's "Medical Staff" under § 1983 and any such claims are therefore subject to summary dismissal.[2]

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the Court summarily **DISMISS** Plaintiff's claims against SLRDC's "Medical Staff" without further leave to amend, as he has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th

---

[2] Although less clear from the face of the Complaint, Plaintiff's proposed service documents indicate that he may be attempting to name SLRDC as a defendant in this action as well. (*See* Dkt. No. 13 at 24, 29.) However, a detention facility likewise fails to qualify as a "person" for purposes of § 1983. *See Sumpter v. Georgetown Cty. Det. Ctr.*, No. 0:20-cv-1770-JMC-PJG, 2020 WL 3060395, at *2 (D.S.C. June 8, 2020). Accordingly, to the extent Plaintiff is naming SLRDC as a party, the detention facility is not amenable to suit under § 1983, and any such claims are also subject to summary dismissal.

Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018).

      **IT IS SO RECOMMENDED.**

                                                   MARY GORDON BAKER
                                                   UNITED STATES MAGISTRATE JUDGE

March 11, 2024
Charleston, South Carolina

      **The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).