UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis J. Wright,<br><br>PLAINTIFF<br><br>v.<br><br>Director Ray; Capt. Sweat; Lt. Gaymon; Lt. Benjamin; Major Lumpkin; Nurse Fortaye; Sgt. Bowman; Sgt. Behunuak; Sgt. Moore; Ofc. Howell; Ofc. Greg Wright; Ofc. Johnson; and Medical Staff,<br><br>DEFENDANTS. | Case No. 2:23-cv-05913-JFA<br><br>**ORDER** |

## I.   INTRODUCTION

Travis J. Wright, ("Plaintiff") filed this civil action against the above-named defendants alleging various claims pursuant to 42 U.S.C. § 1983. (ECF No. 1). The complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Mary Gordon Baker. On January 29, 2024, the Magistrate Judge advised Plaintiff of the need to bring the case into proper form by February 20, 2024. (ECF No. 6). Thereafter, Plaintiff filed a Motion for Extension of Time. (ECF No. 9). The Magistrate Judge granted Plaintiff's Motion "in an abundance of caution." (ECF No. 10). Plaintiff filed an amended complaint on February 26, 2024. (ECF No. 12). The complaint now comes before this Court for review of the Report and Recommendation ("Report") filed by the Magistrate Judge. (ECF No. 17). The Report recommends that Plaintiff's claims against SLRDC's "Medical Staff" be summarily dismissed. (ECF No. 13 at 1). The Magistrate Judge

required Plaintiff to file objections by December 19, 2023. *Id*. Plaintiff filed a request for extension of time to file objections on March 26, 2024. (ECF No. 17). The Court granted Plaintiff's request for extension of time. Thereafter, Plaintiff filed his Objection to Report and Recommendation (ECF No. 31) on May 3, 2024. Thus, this matter is ripe for review.

**II.     STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 20). In response to the Report, Plaintiff ultimately filed his "Objections Response to Reports [sic] + Recommendation" ("Objections"). (ECF No 31). In his Objections, Plaintiff generally restates much of the substance of his complaint. Accordingly, Plaintiff's arguments are not properly characterized as specific objections to the Report which would allow for *de novo* review. However, the Court will briefly address them below.

#### A. Plaintiff's Objections Regarding Certain Medical Staff

In the Report, the Magistrate Judge correctly noted that "vague groups of

unidentified individuals do not constitute 'persons' for the purposes of § 1983." (ECF No 17 at 5). Prior to the issuance of the Report, Plaintiff was warned by the Magistrate Judge that he needed to bring his pleadings into proper form. The Magistrate Judge took care to set forth the law that Plaintiff needed to comply with. (*See* ECF No. 6). Plaintiff was given an extension to amend his complaint, which he did. However, Plaintiff's amendments did not rectify the issues identified by the Magistrate Judge. Instead of timely remedying his Complaint, Plaintiff waited until the Report was filed to request counsel, a subpoena, and an extension of time to file objections. The Court granted Plaintiff's request for additional time to file his objections.

In his Objections, Plaintiff largely readdresses matters asserted in his Complaint and Amended Complaint. Plaintiff spends considerable time outlining the abuses he has allegedly suffered while incarcerated at Sumter-Lee Regional Detention Center ("SLRDC"). (*See generally* ECF No. 31). Plaintiff also outlines the relief he is requesting based on the alleged abuses and cites to various cases in support of his arguments. The Court cannot discern a specific objection. However, Plaintiff does take care to name certain members of the SLRDC nursing staff. Specifically, Plaintiff addresses "Nurse-Provider Grump ("Grump"), Nurse Troublefield, Nurse Clemons, Nurse Fortaye et al; other nurses is [sic] unknown to Plaintiff." (ECF No. 31 at 2). To the extent that Plaintiff names these individuals in an attempt to remedy the deficiencies in his claims against "Medical Staff," the Court is unpersuaded.

Plaintiff notes that he has lodged various complaints with members of the nursing staff, including those named above. (ECF No 31 at 2). However, he stops short of listing a

cause of action against the named individuals. On the contrary, he notes that the named individuals have been made aware of his medical conditions and have ". . . . approved plaintiff a request diet to adequately obtain nutrietions without missing meals and such diet is a, "vegan diet." which facility approved through medical." (ECF No. 31 at 2) (errors in original). Plaintiff then notes that, while his diet has been approved by certain members of the medical staff, the named defendants have failed to implement the approved diet. (ECF No. 31 at 3). Thus, Plaintiff's primary concerns with the medical staff named in his Objections are that they recommendations they have made are not being followed.

Plaintiff's Objections primarily focus on Grump, with whom he appears to have had multiple interactions with. Though, as with the other named nursing staff, Plaintiff does not list a specific allegation of malfeasance against Grump. Instead, he primarily focuses his frustrations on SLRDC's alleged refusal to accommodate his dietary restrictions and Grump's inability to ensure that her dietary recommendations are followed. Plaintiff does note his disagreement with Grump's alleged insistence that he continue using blood-pressure medications instead of treating his high blood-pressure with healthy diet and exercise alone. However, the Court declines to rule that this frustration of Plaintiff rises to the level of a specific objection and attempt to add Grump as a named defendant in this case. Accordingly, Plaintiff's Objections are overruled.

### IV.    CONCLUSION

The Court has carefully reviewed the Report, Plaintiff's Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the

Magistrate Judge, the Report, ECF No. 17, is **ACCEPTED**. Plaintiff's claim against SLRDC's "Medical Staff" are **DISMISSED** without leave to amend. Accordingly, Plaintiff's Objections Response to Reports + Recommendation, ECF No. 11, is **OVERRULED**.

**IT IS SO ORDERED.**

June 27, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge