IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Travis Wright,<br><br>                   Plaintiff,<br><br>vs.<br><br>S.L.R.D.C. Director Ray, *et. al.*,<br><br><br>                   Defendants. | C/A No. 2:23-cv-5913-JFA<br><br><br><br>**ORDER** |

Travis J. Wright (Plaintiff), a state pre-trial detainee proceeding *pro se*, filed this civil action on November 17, 2023, seeking relief for alleged constitutional violations occurring during his confinement at Sumter Lee Regional Detention Center. (ECF No. 1). Currently before the Court is a Motion to Dismiss filed by Defendant Paulette Rumph, identified in the Complaint as "Nurse Practitioner Grump," and Defendant Karen Troublefield, identified in the complaint as "Head Nurse Troublefield" (ECF No. 106).[1] The facts relevant to Defendants' Motion are as follows:

Plaintiff alleges that on September 27, 2023, he was examined by Defendant Nurse Practitioner Grump, and she advised Plaintiff to eat a medically appropriate diet to treat his diverticulitis. (ECF No. 12-2 at 2); *see also* (ECF No. 1 at 7, 9–10); (ECF No. 1-2 at 3). Plaintiff alleges Defendant Lieutenant Benjamin was present during this

---

[1] In their Motion, Defendants state that they have been incorrectly identified. (ECF No. 106-1 at 1.) For ease of reference, the Court refers to these Defendants as they are named in the pleadings, Nurse Practitioner Grump and Head Nurse Troublefield.

examination and offered Plaintiff additional dietary advice based on her own experiences with "like medical conditions." (ECF No. 1 at 9). Plaintiff alleges that despite his need for a "proper diet for diverticulitis stomach illness," Defendants Head Nurse K. Troublefield, Nurse Practitioner Grump, and other medical staff and correctional officers at the Detention Center ignored Plaintiff's repeated requests on this issue, such that he has been forced to consume foods that are "harmful to [his] colon." (ECF Nos. 1 at 7–10, 17–19, 22; 12 at 2–3; 12-2 at 4). Plaintiff alleges that while he has been able to obtain a "vegan meal" as an alternative menu option on occasion, this option is not always made available to him. (ECF No. 12 at 7, 9–10). Plaintiff alleges that as a result of the foregoing medical "neglect[]," he has suffered weight loss, "fevers, loss of appetite, stomach pain to no extreme, . . . painful toilet usage, [and] possible other internal damage." (ECF Nos. 12 at 10; 12-2 at 4). Plaintiff appears to allege that through this conduct, Defendants Grump and Troublefield have violated his constitutional rights to equal protection and to be free from cruel and unusual punishment. (ECF No. 71 at 2).

Defendants, Nurse Practitioner Grump and Head Nurse K. Troublefield filed their Motion to Dismiss on October 31, 2024, arguing: (1) Plaintiff failed to state any claims against them under § 1983; and (2) that they are entitled to Eleventh Amendment immunity for claims brought against them in their official capacity. (ECF No. 106-1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to the Magistrate Judge for initial review. Accordingly, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if

he failed to adequately respond to the Motion to Dismiss. Plaintiff filed a response in opposition to the Motion to Dismiss on November 12, 2024 (ECF No. 121), and a supplemental response on November 18, 2024 (ECF No. 129).[2] The Moving Defendants filed a reply brief on November 19, 2024. (ECF No. 132).

After reviewing the parties' briefs and the applicable law, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending that the Court dismiss any § 1983 claim brought against Defendants in their official capacity. (ECF No. 133, pg. 9). However, the Report further recommended that the Court deny Defendants' Motion as to any deliberate indifference claim brought against them in their individual capacity. *Id.* The Report further advised the parties that they may file objections to the Report and warned them of the consequences for failing to do so. *Id.* at 11. Neither party filed objections to the Report.[3] Therefore, this matter is ripe for review

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's

---

[2] After the Magistrate Judge issued a Report and Recommendation on Defendants' Motion to Dismiss, Plaintiff filed another supplemental response. (ECF No. 144). Although untimely, the Magistrate Judge carefully reviewed Plaintiff's supplemental filing and found that it did not alter her recommendation.

[3] On December 18, 2024, Plaintiff filed a document titled "Objection to R&R." (ECF No. 155). Plaintiff's filing did not identify any specific Report and Recommendation but addressed a Summary Judgment Motion that the Magistrate Judge previously dismissed as premature (ECF No. 125). In response to Plaintiff's filing, the Magistrate Judge issued a Text Order (ECF No. 157), directing Plaintiff to clarify whether he intended to file objections to a Report and Recommendation. In a reply letter (ECF No. 161), Plaintiff clarified that his filing was responsive to Defendant's submissions and not a Report and Recommendation.

Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, neither party raised an objection to the Report, and therefore this Court is not required to explain its decision to adopt the recommendation. A review of the Report and prior orders indicate that the Magistrate Judge correctly concluded that any § 1983 claim brought against Defendants in their official capacity be dismissed. Further, the Court agrees that Plaintiff's § 1983 claim against Defendants in their individual capacity should remain pending.

After carefully reviewing the applicable laws, the record in this case, and the Report, the Court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 133). Therefore, Defendants' Motion to Dismiss (ECF No. 106) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED

February 20, 2025                         Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Court Judge