IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Travis Wright,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>S.L.R.D.C. Director Ray, *et. al.*,<br><br>　　　　　　　　　Defendants. | C/A No. 2:23-cv-5913-JFA<br><br>**ORDER** |

　　　　Travis J. Wright (Plaintiff), a state pre-trial detainee proceeding *pro se*, filed this civil action on November 17, 2023, seeking relief for alleged constitutional violations occurring during his confinement at Sumter Lee Regional Detention Center. (ECF No. 1). Currently before the Court is Defendant Ashley Forte-Teyuco's (identified in the Complaint as "Nurse Fortaye") Motion to Dismiss.[1] (ECF No. 39). The facts relevant to Defendant's Motion are as follows:

　　　　Plaintiff alleges that on September 27, 2023, he was examined by Defendant Nurse Practitioner Grump, and she advised Plaintiff to eat a medically appropriate diet to treat his diverticulitis. (ECF No. 12-2 at 2); *see also* (ECF No. 1 at 7, 9–10); (ECF No. 1-2 at 3). Plaintiff alleges Defendant Lieutenant Benjamin was present during this examination and offered Plaintiff additional dietary advice based on her own experiences with "like medical

---

[1] In her Motion, Defendant states she has been incorrectly identified as "Nurse Fortaye." (ECF No. 39 at 1.) For ease of reference, the Court refers to this Defendant as she is named in the pleadings, Nurse Fortaye.

conditions." (ECF No. 1 at 9). Plaintiff alleges that despite his need to be provided a "proper diet for diverticulitis stomach illness," Defendant Head Nurse K. Troublefield, and other medical staff and correctional officers at the Detention Center ignored Plaintiff's repeated requests on this issue, such that he has been forced to consume foods that are "harmful to [his] colon." (ECF Nos. 1 at 7–10, 17–19, 22; 12 at 2–3; 12-2 at 4.) Plaintiff alleges that he complained of his pain and weight loss to Defendant Nurse Fortaye "due to the consumption of foods medical advise[d] me not to eat," and she responded by "making [a] joke of medical illness with no assistance." (ECF No. 1 at 7–8). Plaintiff further alleges that while he has been able to obtain a "vegan meal" as an alternative menu option on occasion, this option is not always made available to him. (ECF No. 12 at 7, 9–10). Plaintiff alleges that as a result of the foregoing medical "neglect[]," he has suffered weight loss, "fevers, loss of appetite, stomach pain to no extreme, . . . painful toilet usage, [and] possible other internal damage." (ECF Nos. 12 at 10; 12-2 at 4).

On May 21, 2024, Defendant Fortaye filed a Motion to Dismiss, arguing: (1) Plaintiff failed to state a deliberate indifference claim under § 1983; (2) Plaintiff failed to exhaust his administrative remedies; and (3) Defendant is entitled to Eleventh Amendment immunity for claims brought against her in her official capacity. (ECF No. 39.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to the Magistrate Judge for initial review. Accordingly, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately

respond to the Motion to Dismiss. (ECF No. 40.) Plaintiff filed a response in opposition to the Motion to Dismiss on August 21, 2024 (ECF No. 84), and no reply brief was filed.

After reviewing the parties' briefs and the applicable law, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending that the Court dismiss any § 1983 claim brought against Defendant Fortaye in her official capacity. (ECF No. 93, pg. 9). However, the Report further recommended that the Court deny Defendant Fortaye's Motion to as to any deliberate indifference claim brought against her in her individual capacity. *Id.* at 9–10. The Report further advised the parties that they may file objections to the Report and warned them of the consequences for failing to do so. *Id.* at 11.

Plaintiff filed two documents referencing the Report; however, neither appears to raise specific objections for the Court to address. (ECF Nos. 96 & 108). The first states that Plaintiff "may have need to object" but cites hardship for lack of access to a law library. (ECF No. 96, pg. 2).[2] The second, titled "Response/Report & Recommendation," appears to reference a resolved discovery issue that is unrelated to the Report. (ECF Nos. 108 & 114).[3]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[2] Although Plaintiff implies that inadequate legal resources might inhibit his ability to file objections, the Court notes that "the law is quite clear that those being temporarily detained in county facilities awaiting criminal trials do not have a constitutional right to a law library." *Jones v. Lexington Cnty. Det. Ctr.*, 586 F.Supp. 2d 444, 448 (D.S.C. 2008).

[3] To the extent Plaintiff references Rule 56(d), when, as here, no summary judgment motion was filed, Rule 56(d) is inapplicable.

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th

Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added). Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, although Plaintiff references the Report in two subsequent filings, neither raises a specific objection for the Court to address. Therefore, the Court is not required to explain its decision to adopt the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that any § 1983 claim brought against Nurse Fortaye in her official capacity be dismissed. Further, the Court agrees that Plaintiff's § 1983 claim against Nurse Fortaye in her individual capacity should remain pending.

After carefully reviewing the applicable laws, the record in this case, and the Report, the Court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 93). Therefore, Defendant Nurse Fortaye's Motion to Dismiss (ECF No. 39) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED

February 20, 2025            Joseph F. Anderson, Jr.
Columbia, South Carolina     United States District Court Judge