IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Wright,<br><br>   Plaintiff,<br>v.<br><br>Director Ray, *et al.*,<br><br>   Defendants. | C/A No. 2:23-05913-JFA-MGB<br><br><br>**MEMORANDUM, OPINION, AND ORDER** |

## I. INTRODUCTION

Plaintiff Travis Wright ("Plaintiff"), a state pre-trial detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights while housed at Sumter Lee Regional Detention Center ("Detention Center"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed this action on November 17, 2023. (ECF No. 1). He amended his Complaint on February 26, 2024 (ECF No. 12) and supplemented the Complaint on August 9, 2024 (ECF No. 12-2). Thereafter, Plaintiff filed a Motion for Summary Judgment (ECF No. 174); Defendants Director Ray. Capt. Sweat, Lt. Gaymon, Lt. Benjamin, Major Lumpkin, Sgt. Bowman, Sgt. Behunuak, Sgt. Moore, Ofc. Howell, Ofc. Gregg Wright and Ofc. Johnson filed a Motion for Summary Judgment (ECF No. 171); Defendant Ashley Forte-Teyuco filed a Motion for Summary Judgment (ECF No. 175); and Defendant Karen Troublefield filed a Motion for Summary Judgment. (ECF No. 176).

After reviewing the motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 195). Within the Report, the Magistrate Judge opines Plaintiff's Motion for Summary Judgment should be denied, and Defendants' Motions for Summary Judgment should be granted. The Report further suggests the Court should decline to deem the Complaint a strike pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on December 3, 2025 (ECF No. 202) to which Defendants filed a Reply. (ECF No. 203). Therefore, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life*

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Because Plaintiff is proceeding *pro se*, the court is charged with

3

liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Additionally, all facts and inferences to be drawn therefrom are viewed in the light most favorable to the Plaintiff. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir.2012).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 195). Plaintiff alleges that: he was wrongfully separated from general population and placed in solitary confinement despite no behavioral issues or administrative sanctions; he was denied clean bed linens, adequate showers, sanitized living quarters, cleaning supplies, and medically-compliant meals; he ordered items from the commissary and was not refunded when those items did not arrive or were defective; Defendants failed to respond to grievances or verbal complaints regarding his issues; and that he received inadequate medical treatment for his medical conditions. (ECF Nos. 1 & 12). He contends Defendants have violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. *Id.* The Report ultimately concludes Plaintiff's Motion for Summary Judgment should be denied, and Defendants' Motions for Summary Judgment should be granted. (ECF No. 195).

In response to the Report, Plaintiff has submitted fifteen pages labeled as responses/objections to the Report. (ECF No. 202). This filing, however, contains a series of unsupported and repeated factual allegations that do not amount to legal arguments. Further, Plaintiff attaches no admissible evidence to this filing; thus, the Court is left to consider the same evidence already thoroughly analyzed by the Magistrate Judge. Plaintiff does not address the legal conclusions reached in the Report, nor the law's application to his alleged facts. Rather, much of Plaintiff's filing avers that Defendants—in their affidavits supported by documentation—are "lying" about adhering to the laundry schedule, and "exaggerating" on incident reports. (ECF No. 202). Plaintiff makes many statements such as "Defendants isn't enforcing the laundry schedule [;]" "mattress isn't being sanitized monthly as schedule states [;]" "visitation is understood, however, rejecting Plaintiff seventeen (17) year old son escorts by his mother is not understood." (ECF No. 202) (written as appears in original). These statements contained in his filing do not amount to sufficient evidence to rebut that presented by Defendants.

Further, even if evidence were provided to support some of these factual assertions, it is not evident that they would undermine the Report's recommendation in any way. First, as noted in Defendants' Reply to Plaintiff's filing, Plaintiff appears to admit that he was moved to individual housing after an incident with another inmate, thus undermining his claim. (EC No. 203, p. 3 citing ECF No. 202, pp. 1–2). Further, Plaintiff's issue with the Report's determination that he was not reimbursed for canteen funds is similarly ineffective because even if Plaintiff's contention was supported with evidence, he fails to address the

Report's determination that the claim fails as a matter of law because it is not a proper claim under 42 U.S.C. § 1983.

Thus, throughout his filing Plaintiff failed to meaningfully object in any way to the legal rulings made in the Report. The unsupported factual allegations are simply reiterations of his previously unsupported arguments presented to the Magistrate Judge. Therefore, to the extent the Court is able to consider Plaintiff's filing a specific objection to the Magistrate Judge's presentation of the facts, the continued lack of evidence presented to support such an argument is fatal to his objection.

Rather, Plaintiff merely makes the same unsupported conclusory allegations already presented to the Magistrate Judge and accordingly addressed in the Report. Thus, Plaintiff fails to provide proper objections to the Report or otherwise show his Motion for Summary Judgment should be granted and Defendants' Motions should be denied.

More appropriately, the Undersigned would consider this filing to contain non-specific objections that fail to offer any legal argument or specific reference to the Report which would allow this Court to focus on any issue, either factual or legal, with which Plaintiff feels has been reached in error. *Cf. Elijah v. Dunbar,* 66 F.4th 454, 461 (4th Cir. 2023) (Fourth Circuit found error in district court's determination a litigant's objections were non-specific where the litigant objected by way of three enumerated detailed legal claims disagreeing with the magistrate judge's recommendation). No detailed legal claims disagreeing with the Report's recommendation are present here. Thus, while this Court performed a *de novo* review of the Report and filings as discussed above, the Undersigned

agrees with Defendants that it was only required to review the Report for clear error due to the objections being non-specific. (ECF No. 203, p. 1).

Upon reviewing the Report for clear error along with its *de novo* review, this Court identifies one issue. The Magistrate Judge recommends that this Court decline to deem the Complaint a "strike" pursuant to § 1915(e)(2)(B)(i). However, "mak[ing] a conclusive ruling as to the strike status" of this Complaint is "in excess of [this Court's] statutory authority." *Pitts v. South Carolina*, 65 F.4th 141, 150 (4th Cir. 2023) ("district courts lack authority to adjudicate whether their dismissals of prisoner actions constitute strikes under the three-strikes rule.") Rather, "the strike decision is solely for the district court considering a subsequent request for IFP status[.]" *Id.* at 146.

Consequently, Plaintiff's filing, to the extent it may be considered an objection, is overruled. However, in adopting the Report, the Court declines to express an opinion as to whether the Complaint should be deemed a "strike" pursuant to § 1915(e)(2)(B)(i).

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, the record of this case, and a *de novo* review of Plaintiff's filings in the event his objections are considered specific, the Court hereby adopts the Report and Recommendation as modified.[1] (ECF No. 195). For the reasons discussed above, and in the Report, Plaintiff's Motion for Summary Judgment (ECF No. 174) is denied, and Defendants' Motions for Summary Judgment (ECF Nos. 171, 175 & 176) are granted.

---

[1] The only modification is this Court's decision to decline to express an opinion as to whether the Complaint should be deemed a "strike" pursuant to § 1915(e)(2)(B)(i).

IT IS SO ORDERED.

February 6, 2026
Columbia, South Carolina

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge